**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT**
**EASTERN DIVISION - CLEVELAND**

| | |
|---|---|
| WORLD TRUCK TOWING & RECOVERY, INC., | ) ) CASE NO. 1:25-CV-01056-CAB |
| Plaintiff, | ) ) |
| vs. | ) ) JUDGE CHRISTOPHER A. BOYKO |
| ZERO EXPRESS NC, LLC, et al. | ) ) MAGISTRATE JUDGE JENNIFER |
| Defendants. | ) DOWDELL ARMSTRONG ) ) (***JURY DEMAND ENDORSED HEREON***) ) |

Defendant ATS Logistics Services, Inc. ("ATS" or "Defendant") states as follows for its Answer and Affirmative Defenses to Plaintiff World Truck Towing & Recovery, Inc.'s ("World Truck" or "Plaintiff") Complaint (the "Complaint"):

**PARTIES**

1. ATS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One.

2. ATS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Two.

3. ATS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Three.

4. ATS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Four.

1

5. ATS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Five.

6. In response to the allegations contained in Paragraph Six of the Complaint, ATS admits that it is a duly organized and valid corporation with a principal place of business in Minnesota. ATS denies all remaining allegations contained in Paragraph Six.

**JURISDICTION AND VENUE**

7. The allegations contained in Paragraph Seven of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, ATS denies the allegations contained in Paragraph Seven.

8. The allegations contained in Paragraph Eight of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, ATS denies the allegations contained in Paragraph Eight.

9. The allegations contained in Paragraph Nine of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, ATS denies the allegations contained in Paragraph Nine.

**GENERAL ALLEGATIONS**

10. ATS incorporates its responses to the foregoing allegations as if fully re-written and restated herein.

11. The allegations contained in Paragraph 11 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and denies those allegations.

12. ATS admits that NASA contracted with ATS as a broker only to arrange for the transportation of cargo by a motor carrier. ATS denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. ATS admits that, pursuant to a contract, ATS brokered a shipment to Defendant Zero Express NC, LLC at or around June 23, 2023. ATS denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. ATS is without information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies those allegations.

15. ATS is without information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies those allegations.

16. ATS is without information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies those allegations.

17. ATS is without information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies those allegations.

18. ATS is without information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies those allegations.

## COUNT ONE – NEGLIGENCE
### (All Defendants)

19. ATS incorporates its responses to the foregoing allegations as if fully re-written and restated herein.

20. ATS denies the allegations contained in Paragraph 20 of the Complaint.

21. ATS denies the allegations contained in Paragraph 21 of the Complaint.

22. ATS denies the allegations contained in Paragraph 22 of the Complaint.

23. ATS denies the allegations contained in Paragraph 23 of the Complaint.

24. ATS denies the allegations contained in Paragraph 24 of the Complaint.

25. ATS denies the allegations contained in Paragraph 25 of the Complaint.

26. ATS denies the allegations contained in Paragraph 26 of the Complaint.

## COUNT TWO – BREACH OF CONTRACT

27. ATS incorporates its responses to the foregoing allegations as if fully re-written and restated herein.

28. The allegations contained in Paragraph 28 are not directed towards ATS and, therefore, no response is required.  To the extent a response is required, ATS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and denies those allegations.

29. The allegations contained in Paragraph 29 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and denies those allegations.

30. The allegations contained in Paragraph 30 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and denies those allegations.

31. The allegations contained in Paragraph 31 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and denies those allegations.

32. The allegations contained in Paragraph 32 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and denies those allegations.

33. The allegations contained in Paragraph 33 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and denies those allegations.

**COUNT THREE - ALTERNATIVE PLEADING – UNJUST ENRICHMENT**

34. ATS incorporates its responses to the foregoing allegations as if fully re-written and restated herein.

35. The allegations contained in Paragraph 35 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and denies those allegations.

36. The allegations contained in Paragraph 36 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and denies those allegations.

37. The allegations contained in Paragraph 37 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and denies those allegations.

38. The allegations contained in Paragraph 38 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and denies those allegations.

39. The allegations contained in Paragraph 39 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and denies those allegations.

40. The allegations contained in Paragraph 40 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and denies those allegations.

41. The allegations contained in Paragraph 41 are not directed towards ATS and, therefore, no response is required. To the extent a response is required, ATS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and denies those allegations.

**COUNT FOUR – VICARIOUS LIABILITY**

42. ATS incorporates its responses to the foregoing allegations as if fully re-written and restated herein.

43. ATS denies the allegation contained in Paragraph 43.

44. ATS denies the allegations contained in Paragraph 44

45. ATS denies the allegations contained in Paragraph 45.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
*General Denial*

1. ATS denies each and every allegation not specifically admitted herein.

### SECOND AFFIRMATIVE DEFENSE
*Failure to State a Claim*

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE
*Laches, Waiver and Estoppel*

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE
*Act of God*

4. Plaintiffs' claims against ATS are barred, in whole or in part, by an Act of God or another intervening, superseding cause beyond the control of ATS.

### FIFTH AFFIRMATIVE DEFENSE
*Intervening, Superseding Cause*

5. Plaintiff's claims against ATS are barred, in whole or in part, by another intervening, superseding cause beyond the control of ATS.

### SIXTH AFFIRMATIVE DEFENSE
*No Duty*

6. ATS has not breached a duty, if any, owed to Plaintiff under the facts alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
*Acts of Third Parties*

8. Plaintiff's claims against ATS are barred by the negligent acts of Plaintiff, its agents and/or the negligent acts of third parties.

### EIGHTH AFFIRMATIVE DEFENSE
*Failure to Mitigate*

10. Plaintiff's claims against ATS, in whole or in part, are barred by Plaintiff's failure to mitigate its damages.

### NINTH AFFIRMATIVE DEFENSE
*Unreasonable Damages*

11. The damages sought by Plaintiff's Complaint are excessive, unreasonable and not proximately caused by any conduct of ATS.

### TENTH AFFIRMATIVE DEFENSE
*Contract*

12. Plaintiff's claims against ATS are barred or limited, in whole or in part, by the applicable provisions of the shipping and lading documents, contract of carriage, invoices, and/or tariffs.

### ELEVENTH AFFIRMATIVE DEFENSE
*Limitation of Liability*

13. Plaintiff's claims against ATS are barred or limited, in whole or in part, by application of liability limitations and other provisions contained in applicable shipping and lading documents, contracts of carriage, invoices, tariffs, terms and conditions, and applicable laws.

### TWELFTH AFFIRMATIVE DEFENSE
*Acts of Shipper*

14. Plaintiff's claims against ATS are barred by the negligent acts of the shipper.

### THIRTEENTH AFFIRMATIVE DEFENSE
*Federal Preemption*

16. Plaintiff's claims may be barred to the extent that they are preempted by federal law, statutes, or regulations.

### FOURTEENTH AFFIRMATIVE DEFENSE
*Additional Affirmative Defenses*

17. Plaintiff's claims against ATS are barred by additional affirmative defenses that may arise during the course of this litigation.

**WHEREFORE,** having fully answered, Defendant ATS, respectfully requests this Court dismiss Plaintiff's Complaint, with prejudice, with all costs to be borne by the Plaintiff and to

award ATS its costs and fees, including attorneys' fees, incurred in the defense of the Complaint together with any other relief this Court deems just and proper.

                                            Respectfully submitted,

This 29th day of May, 2025             *s/ Kelly E. Mulrane*
                                       ERIC LARSON ZALUD (0038959)
                                       **BENESCH, FRIEDLANDER, COPLAN &**
                                           **ARONOFF LLP**
                                       200 Public Square, Suite 2300
                                       Cleveland, Ohio 44114
                                       Telephone: 216-363-4178
                                       Facsimile: 216.363.4588
                                       Email: ezalud@beneschlaw.com

                                       KELLY E. MULRANE (0088133)
                                       41 S. High Street, Suite 2600
                                       Columbus, Ohio 43215
                                       Telephone: 614.223.9300
                                       Facsimile: 614.223.9330
                                       Email: kmulrane@beneschlaw.com

                                       *Attorneys for Defendant ATS Logistics Services, Inc.*

## **JURY DEMAND**

Pursuant to Federal Rule 38 of the Rules of Civil Procedure, Defendant ATS Logistics Services, Inc. respectfully requests a trial by jury on all issues raised in Plaintiff's Complaint by the maximum number of jurors allowed by law.

*s/ Kelly E. Mulrane*
Kelly E. Mulrane

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of May, 2025, I filed the foregoing by CM/ECF, and served a copy of same by U.S. mail, postage prepaid, and electronic mail upon Defendants and counsel as follows:

Edward A. Proctor
Daniel J. Nichols
KIM AND ASSOCIATES, LLC
4100 Embassy Pkwy., Suite 200
Akron, Ohio 44333-1783
eproctor@kimassociateslaw.com
djn@kimassociateslaw.com

*Counsel for Plaintiff*

Saido Sheikh
2811 Clyde Drive
Charlotte, NC 28208

*Defendant*

Jesus A. Rodriguez
711 N. Avon Street
Gastonia, NC 28054

*Defendant*

Zero Express NC, LLC
c/o Isaac McIntosh
9014 Gailes Drive
Charlotte, NC 28278

*Defendant*

Isaac McIntosh
12515 Ivey Creek Drive
Charlotte, NC 28273

*Defendant*

*s/ Kelly E. Mulrane*
Kelly E. Mulrane (0088133)
*One of the Attorneys for Defendant ATS Logistics Services, Inc.*